UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE HENDERSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>WHATCOM COUNTY FIRE PROTECTION DISTRICT NO. 18; DONNA COLE, in her official and individual capacities; MICHAEL ELLIS, in his official and individual capacities; and ALLAN MACKAY, in his official and individual capacities,<br><br>    Defendants. | Case No.  C05-1722RSL<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION |

This matter comes before the Court on defendants' "Motion to Dismiss for Failure to State a Cause of Action" (Dkt. # 8).

Pursuant to Fed. R. Civ. P. 12(b)(6), claims may be dismissed only if it appears beyond doubt that plaintiff will be unable to prove a set of facts entitling him to relief. <u>Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.</u>, 135 F.3d 658, 661 (9th Cir. 1998). Limiting its review to the contents of the complaint, <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996), the Court accepts the allegations as true and construes them in the light most favorable to the plaintiff. <u>In re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 925-926 (9th Cir. 1996); <u>LSO, Ltd. V. Stroh</u>, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS

Defendants Whatcom County Fire Protection District No. 18, Donna Cole, and Allan Mackay argue that plaintiff George Henderson fails to state a claim pursuant to 42 U.S.C. § 1983 because he does not assert the violation of a right independently secured by the Constitution and laws of the United States of America. Dkt. # 8 at 2. Although defendants correctly identify the limited scope of 42 U.S.C. § 1983, they misstate the source of plaintiff's cause of action.

Section 1983 protects "rights, privileges, or immunities secured by the Constitution and laws..." of the United States of America, 42 U.S.C. § 1983, and creates no independent cause of action. Gonzaga University v. Doe, 536 U.S. 273, 285 (2002). Because the Constitution and laws of the United States do not protect a person's right to not be defamed, the common law tort of defamation cannot form the basis of a claim under 42 U.S.C. § 1983. However, plaintiff asserts a claim under the Fourteenth Amendment rather than the tort of defamation.

Plaintiff claims that he has been deprived, without due process, of his Fourteenth Amendment right to his reputation and good name. Dkt. # 10 at 2. The Fourteenth Amendment protects liberty and property interests. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). Liberty interests are violated when three conditions are met, "(1) the accuracy of the charge is contested; (2) there is some public disclosure of the charge; and (3) the charge is made in connection with termination of employment." Mathews v. Harney County, 819 F.2d 889, 891-892 (9th Cir. 1987). When a public employee's liberty interests are violated during the termination of his employment, he must be provided with a forum within which he may defend himself. Codd v. Velger, 429 U.S. 624, 627 (1977); Mustafa v. Clark County School Dist., 157 F.3d 1169, 1179 (9th Cir. 1998). In his claim, plaintiff provides facts that, if proved true, could support a finding of the violation of his liberty interests without the requisite opportunity for him to defend himself.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS

1  For all of the foregoing reasons, defendants' Motion to Dismiss (Dkt. # 8) is DENIED.

2  DATED this 20th day of January, 2006.

*[signature: M S Lasnik]*

Robert S. Lasnik
United States District Judge

28  ORDER DENYING DEFENDANTS'
MOTION TO DISMISS